Paxson, J.,
The first assignment of error is sustained. There was nothing in the case to show any liability on the part of the borough of West Bellevue. The most that can be claimed is that the borough throws the water, collected at times of rains and freshets, upon the township of Killbuck. The township might, perhaps, complain of this, but it does not. The plaintiff below has no right to complain, because the borough does not throw any water upon her land. The township having, for anything that appears in this case, accepted the burthen of the water from the borough, is in duty bound to take care of it, and do all that the law requires to prevent unnecessary injury to the right of property-owners.
Neither of the other assignments of error is sustained. In the second and fourth, objection is made to the qualification of defendant’s points. We do not think the objection well taken. The points were affirmed, provided the jury find that Shafer and Shaw assented to the turning of the water upon the land; that such assent could not be inferred from mere silence; that “ to give such a right to another’s land for the flowage of water, or to maintain a drain or water-course, as this appears to have done here, without twenty years’ apparent and visible use, actual consent must be shown by the evidence, and cannot be inferred from the mere fact of the owner’s making no objection to such use.” It was urged that this instruction was inadequate; that there was proof of direct acts on the part of Shafer, at least, from which the jury might infer not only his assent, but his active participation in turning the water on the Shaw lot, where the wash-out occurred. If a more pointed instruction was desired, it should have been asked for. The points were fairly answered.
I am at a loss to know what objection the plaintiff in error can possibly have to the answer of the court below to the point referred to in the third assignment. The answer was: “ If the evidence satisfies the jury that the facts are as stated in this point, this point is believed to be good law, and it is, therefore, affirmed.” What more could the learned judge have said ? It was for the jury to find the facts assumed in the point, and if they found them, the point is affirmed. If the facts were not admitted or found by the jury, the point was point no point.
The judgment is reversed as to the borough of West Bellevue, and affirmed as to the township of Killbuck.
A. B. W.